**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OMAR MASOUD,<br><br>  **Plaintiff,**<br>**vs.**<br><br>**LINEN OUTLET**, and<br>**BASAAM KHALIL, individually,**<br><br>  **Defendants,** | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## COLLECTIVE
## ACTION COMPLAINT

Plaintiff Omar Masoud ("Plaintiff" or "Masoud"), on behalf of himself and all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants LINEN OUTLET, ("Linen" or "Defendant"), and BASAAM KHALIL, individually, ("Khalil" or "individual Defendant"), (the Corporate Defendant and the individual Defendant are referred to collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq*. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages and continue to suffer damages as a result of Defendants' violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2.     As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff, and all other similarly situated employees, the minimum wage, the spread of hours, as well as their overtime hours worked based upon their unlawful policies and practices. Defendants failed and continue to fail to properly pay Plaintiff and other similarly situated employees for their hours worked, the spread of hours, as well as those hours that they worked in excess of forty (40) hours per work week at the statutorily required rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

3.     Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent him in this matter.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 1367, and by 29 U.S.C. § 201, *et. seq*.

5.     The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this District. At all times material hereto, Plaintiff Masoud performed non-exempt duties for the Defendants in the County of Bronx County, New York, within the jurisdiction and venue of this Court.

8.     At all times pertinent to this Complaint, the corporate Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant was involved in interstate commerce and grossed more than $500,000.00 in the years at issue.

9.     Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

10.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Khalil has been an owner, partner, officer, and/or manager of Defendant.

11.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Khalil managed, owned, controlled and/or operated Defendant Linen and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the businesses. Additionally, individual Defendant Khalil directly or indirectly acted in the interest of an employer towards Plaintiff Masoud and other similarly situated employees, at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees. By virtue of such control and authority, individual Defendant Khalil was an employer of Plaintiff, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

12. Defendant Khalil regularly supervised and continues to supervise Plaintiff's work, directing what and how Plaintiff was to stock goods, run the cash register, as well as other duties.

13. Defendant Khalil made and continues to make the decision not to pay Plaintiff the minimum wage and overtime wages.

14. Throughout the relevant period, individual Defendant Khalil employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Individual Defendant Khalil has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

15. All Defendants, corporate and individual, are covered employers within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## **PARTIES**

16. Plaintiff is an adult resident of the State of New York.

17. Plaintiff worked for Defendants as a non-exempt retail store laborer in and about the Bronx from approximately June 2016, until approximately November 2016.

18. At all times relevant to this Complaint, Plaintiff was and is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Labor Law § 190(2).

19. Plaintiff Masoud brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt retail store laborers – who worked in furtherance of Defendants' linen store, on or after April 18, 2014 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

20. Defendant is a corporation organized under the laws of the State of New York with a primary office in the Bronx, County of Bronx, New York.

21. Upon information and belief, at all times relevant to this Complaint, Defendant is in the linen store business.

22.     Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to assist him in the running of his store.

## FLSA COLLECTIVE ALLEGATIONS

23. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

24. This action is brought on behalf of the Named Plaintiff and a collective and class consisting of similarly situated employees who performed, and continue to perform work for Defendants as laborers to recover unpaid minimum wages and overtime compensation.

25. The Named Plaintiff and members of the collective class are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned minimum wages; (2) failure to pay the amount due pursuant to the spread of hours; and (2) failing to provide overtime wages, at a rate of one and on half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

26. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' linen store.

27. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

28.     From in or about June 2016, through in or about November 2016, Plaintiff performed for the Defendants benefit, duties as a retail worker.

29.     Plaintiff worked in excess of forty (40) hours per workweek.

30.     Plaintiff worked seven (7) days per work week.

31.     Plaintiff routinely worked on average approximately eighty-four (84) hours per week.  Plaintiff was not compensated at the required statutory rate for his hours worked in excess of forty (40) hours per work week.

32.     Plaintiff was paid differing amounts each week, however, often was paid $350.00 per week.

33.     Plaintiff believed that he was being paid an hourly rate.

34.     In light of the fact that Plaintiff does not have his time records, the time and pay received by Plaintiff is only an approximation.

35.     During the employment of Plaintiff by Defendants, other workers employed by Defendants were paid in a similar manner as Plaintiff, and their working schedules were also similar.

36.     Defendants have engaged and continue to engage in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

37.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

38.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiff, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

39.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FLSA COLLECTIVE ACTION FACTS

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. For purposes of the FLSA, the Asserted Class is defined as all non-exempt employees, however variously titled, employed by Defendants in New York, who have not been paid for all overtime hours worked.

42. Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt retail workers – who worked in furtherance of Defendants' business, on or after April 18, 2014 (three years before the filing of the Complaint in this case), and who elect to opt-in to this action ("FLSA Collective Plaintiff").

43. All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

44. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to, willfully failing to compensate Plaintiff and FLSA Collective Plaintiffs the properly due overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.

45.     Defendants are aware of or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs the properly due an overtime premium for all hours worked in excess of forty (40) per workweek.

46.     Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties and were all compensated in the same manner as Plaintiff.

47.     Plaintiff and FLSA Collective Plaintiffs all were improperly compensated.

48.     Plaintiff and FLSA Collective Plaintiffs all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

49.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

50.     Plaintiff re-alleges and incorporates and hereby references all allegations contained in the Paragraphs 1 through 49 above.

51.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

52.     Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

53.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the service of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54.     The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

55.     Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

56.      At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

57.     Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

58.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

59.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60.     As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

61.     As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NEW YORK LABOR LAW

62.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 61 above.

63.     Plaintiff brings this Cause of Action, pursuant to the NYLL, on behalf of himself and all those similarly situated as members of the New York Class ("New York Class") – non-exempt retail store laborers – who worked in furtherance of Defendants' retail linen business, on or after April 18, 2011  (six years before the filing of the Complaint in this case).

64.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action complaint.

65.     At all relevant times, Plaintiff, and members of the New York Class, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.     Plaintiff and New York Class members are covered by the NYLL.

67.     Defendants failed to pay Plaintiff and members of the New York Class all of the overtime wages due to them in addition to their regular rate of pay to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

68.     Defendants have failed to pay Plaintiff and members of the New York Class all of their overtime compensation at the statutorily required rate of at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

69.     Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and New York Class members.

70.     Defendants' violations of the N.Y. Lab. Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 and as described in this Collective Action Complaint, have been willful and intentional.

71.     Due to Defendants' violations of the NYLL, Plaintiff and New York Class members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 19, § 663, and Article 6, § 198, and pre-judgment and post-judgment interest.

**COUNT III**
**RECOVERY OF MINIMUM WAGE**
**PURSUANT TO THE FLSA**

72. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

73. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and similarly situated employees the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

74. Because of Defendants' willful violation of FLSA, Plaintiff and similarly situated employees are entitled to recover from Defendants, their unpaid minimum wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**COUNT IV**
**RECOVERY OF MIMIMUM WAGE**
**PURSUANT TO THE NYLL**

75. Plaintiff re-alleges and incorporates here by reference all allegations contained in

the paragraphs above.

76. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and similarly situated employees the applicable minimum hourly wage in violation of N.Y. Lab. Law § 652.

77. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due the employee.

78. Because of Defendants' willful violation of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants their unpaid minimum wages and an amount equal to twenty-five percent of their unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

<u>COUNT V</u>
<u>RECOVERY FOR RECORD KEEPING VIOLATIONS</u>
<u>PURSUANT TO THE NYLL</u>

79. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 78 above.

80. Defendants have willfully failed to supply Plaintiff and New York Class members, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or New York Class members, as their primary language, containing Plaintiff's or New York Class members, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including

tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

81.     Defendants have willfully failed to supply Plaintiff and New York Class members, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

82.     Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants fifty dollars ($50.00) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-b, as well as reasonable attorneys' fees and costs.

83.     Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants two hundred fifty dollars ($250.00) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-d, as well as reasonable attorneys' fees and costs.

## COUNT VI
## NYLL SPREAD OF HOURS LAW

84. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 83 hereof.

85. Pursuant to state law, New York employees are entitled to receive "an additional hour of pay at the basic minimum hourly rate" for any workday that lasts longer than ten hours, including "intervals off duty." See 12 NYCRR § 146-1.6.

86. Upon information and belief, Defendants required that the Named Plaintiff and other members of the putative class work more than ten (10) hours in a day.

87. Upon information and belief, Defendants did not pay the Named Plaintiff and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate when the Named Plaintiff and other members of the putative class worked more than ten (10) hours in a day.

88. Consequently, by failing to pay the Named Plaintiff and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate when the Named Plaintiff and other members of the putative class worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6.

89. Upon information and belief, Defendants' failure to pay "spread of hours" compensation to the Named Plaintiff and other members of the putative class was willful.

90. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6, and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, and attorneys' fees and costs, pursuant to the above cited Labor Law and regulatory sections.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself, individually and on behalf of all other similarly situated persons, seeks the following relief:

a.      That, at the earliest possible time, Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Class. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

b.      An award of unpaid overtime compensation due under the FLSA and the supporting United States Department of Labor regulations;

c.      An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d.      An award of unpaid overtime compensation due under the NYLL;

e.      An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

f.      Fifty dollars ($50.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed five thousand dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-b;

g.      Two hundred dollars ($250.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed five thousand dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-d;

h.      Attorneys' fees and costs of the actions; and

i.      Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 18, 2017

Respectfully submitted,

/s Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile:  (201) 595-0308
Attorney for Plaintiff